UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE FERNANDES PEREIRA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>C.D.C., et al.,<br><br>　　　　　　Defendants.<br>_____ | CV F- 03-6305 REC SMS P<br><br>FINDINGS AND RECOMMENDATION RE DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983.  Pending before the Court is the amended complaint.

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

In the instant case, plaintiff brings action against MTA Oliveria, Sergeant Bryson, and four Doe defendants. Plaintiff alleges that on May 31, 2003, four unknown correctional officers slammed him into the dirt, causing abrasions to plaintiff's face and head. Plaintiff claims that the use of force occurred while he was sitting on a bench, and that defendant Bryson previously had given him permission to sit on the bench due to his permanent disability. Plaintiff contends that due to negligence, he was not issued a red vest to wear identifying him as medically disabled and unable to assume a prone position on the ground. Plaintiff alleges that MTA Oliveria was medically negligent in diagnosing and treating him and failed to accurately fill out the medical report regarding his injuries.

Plaintiff alleges that defendant Bryson improperly handled his inmate grievance.

Plaintiff has failed to allege that either of the named defendants violated his constitutional rights. The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]   . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff alleges that defendant Bryson gave him permission to sit on a bench. While plaintiff was sitting on a bench at the time of the alleged use of force by unidentified officers, this does not imply wrongdoing on the part of defendant Bryson. While plaintiff alleges that negligence occurred because he was not issued a red vest allowing him to sit instead of assuming a prone position on the ground, plaintiff does not allege that defendant Bryson was responsible for the lack of a vest.

Further, negligence does not rise to the level of a constitutional violation.

Further, the alleged mishandling of an inmate appeal does not state a cognizable claim under section 1983. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

As to defendant Oliveria, plaintiff alleges the falsification of a medical report, but does not explain how this violated his constitutional rights. Further the "medical negligence" alleged by plaintiff does not offend the Eighth Amendment. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other

grounds, <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  <u>See</u> <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989).

In summary, plaintiff's amended complaint, as his first complaint, fails to allege facts sufficient to state any cognizable claims against the named defendants.  The Court therefore recommends that the complaint be dismissed in its entirety.  In so recommending, the Court does not recommend that leave to amend be granted because plaintiff was already given leave to amend and was unable to cure the deficiencies outline by the court in the original screening order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20) days after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     May 8, 2006                            /s/ Dennis L. Beck
3b142a                                       UNITED STATES MAGISTRATE JUDGE